Oklahoma Paper Company v. Commissioner.
Oklahoma Paper Co. v. Commissioner
Docket No. 100979.
United States Tax Court
1942 Tax Ct. Memo LEXIS 85; 1 T.C.M. (CCH) 97; T.C.M. (RIA) 42600; November 19, 1942
*85 A. E. Hill, Esq., Commerce Exchange Bldg., Oklahoma City, Okla., and Edward Spiers, Esq., Colcord Bldg., Oklahoma City, Okla., for petitioner. Stanley B. Anderson, Esq., for the respondent. SMITH Memorandum Opinion SMITH, J.: This proceeding is for the redetermination of deficiencies in income tax for 1936 and 1937 of $1,002.46 and $816.74, respectively. The petition alleges that the respondent erred in the determination of the deficiencies by failing to allow it credits under section 26 (c) of the Revenue Act of 1936 equal to its entire undistributed net income for those years on account of a contract outstanding which restricted or prevented the payment of dividends. In the determination of the deficiencies the respondent found that the petitioner had a liability to surtax on undistributed income of $1,011.30 for 1936 and $816.74 for 1937. [The Facts] The petitioner is an Oklahoma corporation with its principal place of business at Oklahoma City. It filed its income tax returns for the taxable years with the collector of internal revenue for the district of Oklahoma. In 1933 the principal stockholders of the petitioner desired to retire from business on account of age and *86 ill health. They proposed selling the business to valued employees of the corporation together with an interest of slightly in excess of 25 percent to a paper company with its principal place of business in St. Louis. The purchase price was to be the book value of the assets. Only a small part of the purchase price was required to be paid in cash. The balance was to be paid over a period of 10 years with interest at seven percent per annum. It was expected that these deferred payments would be made out of the profits of the company. The vendors had great faith in the purchasers and some of the terms of the agreement between J. W. Mack, representing the purchasers, and Harry Herman, representing the vendors, were not incorporated in the written contract. The contract was dated July 3, 1933. Under the provisions of this contract the Oklahoma Paper Co. was to execute a note payable to each vendor evidencing his portion of the unpaid purchase price with interest at seven percent per annum. There was an oral understanding between the representative of the purchasers and the representative of the vendors that no salaries should be paid the president or other officers of the corporation *87 and that no cash dividends should be paid upon the stock until the outstanding notes were paid in full. This understanding was not incorporated in the written contract. But pursuant to the understanding no cash dividends were paid upon petitioner's common stock until the notes were paid in full. At a meeting of the petitioner's board of directors held on September 19, 1934, the following resolution was adopted: WHEREAS the Board of Directors of this Company entered into a contract with Harry Herman, J. W. Mack, Ruth Mack, Carrie Jacobi and Sam Herman for the purchase of stocks, accounts and bonds, on the 1st day of July, 1933, by the terms of said contract it was agreed that there would be no cash dividends issued by this Company until all of the indebtedness evidenced by the notes executed and delivered to the said Harry Herman, J. W. Mack, Carrie Jacobi and Sam Herman, Ruth Mack should have been paid; and WHEREAS said notes are long term notes: NOW, THEREFORE, BE IT RESOLVED that in order to carry out said agreement, that this Company agree, and it hereby does agree, that no cash dividends will be issued by this Company until said notes so executed shall have been paid in full *88 or shall have been otherwise satisfied. Subsequent to the date of the written contract, July 3, 1933, it was determined that a few thousand dollars of the accounts receivable of the petitioner were worthless. The vendors agreed to scale down their notes to take care of such worthless accounts. Also, the vendors, a few months or years after the contract was entered into, agreed to reduce the interest on the notes from seven percent to six percent per annum. In 1933 or 1934 the petitioner acquired the assets of the Pioneer Paper Box Co. issuing therefor $12,000 par value of preferred stock, the petitioner's charter having been amended to authorize such issue. Dividends were paid upon this stock from the date of issuance in 1934 through 1937, inclusive. In accordance with the understanding of the vendors and the vendees referred to above no salaries were ever paid to the officers of the corporation and no cash dividends were paid upon its common stock until after the unsecured notes of the petitioner were fully paid off in August, 1941. [Opinion] In this proceeding the petitioner claims that no dividends could be paid upon its common stock during the taxable years by reason *89 of the understanding which existed between the vendors and vendees under the contract of July 3, 1933. It admits that the written contract contains no provision prohibiting it from the payment of dividends. But it says that there was a verbal agreement not to pay dividends upon its common stock; that the resolution of the petitioner's board of directors on September 19, 1934, simply makes this agreement of record; and that the contract read in connection with the minutes of the meeting of the board of directors meets the requirement of section 26(c) of the Revenue Act of 1936, which provides that corporations shall be entitled to a credit of the amount of their adjusted net income which they are prohibited from paying out in dividends. Section 26 (c) (1) provides for a credit: * * * equal to the excess of the adjusted net income over the aggregate of the amounts which can be distributed within the taxable year as dividends without-violating a provision of a written contract executed by the corporation prior to May 1, 1936, which provision expressly deals with the payment of dividends. * * * Subsection (2) of the same section provides for a credit "equal to the portion of the earnings *90 and profits of the taxable year which is required (by a provision of a written contract executed by the corporation prior to May 1, 1936, which provision expressly deals with the disposition of earnings and profits of the taxable year) to be paid within the taxable year in discharge of a debt, or to be irrevocably set aside within the taxable year for the discharge of a debt." The petitioner admits that the contract executed on July 3, 1933, does not prohibit it from paying a dividend. It made its present contention before this court principally upon the authority of ; ; and . These decisions by the Circuit Court of Appeals for the Sixth Circuit were reversed by the Supreme Court, . Upon the authority thereof, and also of , the determination of deficiencies *91 by the respondent is approved. Decision will be entered for the respondent.